IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>    Plaintiff,<br><br>    v.<br><br>HERR, et al.,<br><br>    Defendants. | No. 2:20-CV-1209-KJM-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint (ECF No. 1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, prisoner at California State Prison Solano (CSPS), alleges that his First Amendment right to free exercise was violated when CSPS staff stopped issuing him kosher meals. ECF No. 1, pg. 5. Plaintiff names four defendants: Officer Herr, Officer Newman, Sergeant Holliday, and Officer G. Alverez. Id. at 3.

## II. DISCUSSION

Plaintiff pleads sufficient facts to state a claim against Officer Herr for a violation of Plaintiff's First Amendment right to freely exercise his religion. From 2/12/2020 to 2/28/2020, Plaintiff presented Officer Herr with his Religious Diet Card but was denied his kosher meal because Plaintiff's name had been "mysteriously taken off the Inmate Meal Tracking List" (IMTS). Id. at 6-7.

Plaintiff pleads sufficient facts to state a claim against Officer G. Alverez for a violation of Plaintiff's First Amendment right to freely exercise his religion. From 2/12/2020 to 2/28/2020, Officer G. Alverez knew that Plaintiff should have been receiving his religious meals and continued to deny them because Plaintiff's name was not on the IMTS. Id. at 14-15.

Plaintiff fails to plead sufficient facts to state a claim against Officer Newman. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which

1 | he is legally required to do that causes the deprivation of which complaint is made." Johnson v.
2 | Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the
3 | involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of
4 | Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to
5 | each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v.
6 | Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff has not alleged any facts implicating a
7 | cause of action against Officer Newman.  Because identification of acts committed by Officer
8 | Newman might give rise to cognizable claims, however, amendment is appropriate.

9 | Plaintiff fails to plead sufficient facts to state a claim against Sergeant Holliday.
10 | To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link
11 | between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't
12 | of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person
13 | 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he
14 | does an affirmative act, participates in another's affirmative acts, or omits to perform an act which
15 | he is legally required to do that causes the deprivation of which complaint is made." Johnson v.
16 | Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the
17 | involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of
18 | Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to
19 | each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v.
20 | Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff has not alleged any facts implicating a
21 | cause of action against Sergeant Holliday.  Because identification of acts committed by Sergeant
22 | Holliday might give rise to cognizable claims, however, amendment is appropriate.

23
24 | **III.  CONCLUSION**

25 | Because it is possible that the deficiencies identified in this order may be cured by
26 | amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d
27 | 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an
28 | amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  February 2, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE