UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>       Plaintiff,<br><br>   v.<br><br>HERR, et al.,<br><br>       Defendants. | No. 2:20-cv-01209-DJC-DMC-P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2022, the Magistrate Judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 28.)  Defendants have filed objections to the findings and recommendations.

The Magistrate Judge's conclusions of law are reviewed de novo.  *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

1

1    Having reviewed the file, the Court finds the findings and recommendations to
2 be supported by the record and by the proper analysis with the exception of the
3 claims against Defendant Alvarez.  Regarding Defendant Alvarez, the Court agrees
4 that Plaintiff has not alleged any facts that would link Defendant Alvarez's actions with
5 the alleged constitutional violations in this case.  Under Federal Rule of Civil
6 Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as
7 true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility
8 when the plaintiff pleads factual content that allows the court to draw the reasonable
9 inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
10 556 U.S. 662, 678 (2009) (internal quotations omitted).  That requirement is not met
11 here.  According to the Plaintiff, while Defendant Alvarez erroneously informed
12 Plaintiff that he was supposed to be on a renal diet, she corrected her mistake the next
13 day and informed Plaintiff that in fact he had been mistakenly left off the kitchen list,
14 an error she appears to have fixed.  (First Am. Compl. (ECF No. 11), ¶¶ 44-59.)  Given
15 that Defendant Alvarez quickly corrected her error, the Court cannot reasonably infer
16 that the intent of Defendant Alvarez was to attempt to "throw Plaintiff off the trail and
17 falsely accuse medical staff." *Id*. at ¶ 51.  Absent additional allegations, there is no
18 plausible theory by which Defendant Alvarez's mistake was not reasonable and is thus
19 protected by qualified immunity. *Lacey v. Maricopa Cnty*. 693 F.3d 896, 915 (9th Cir.
20 2012) ("Under qualified immunity, an officer is protected from suit when he makes a
21 reasonable mistake of law or fact.").  The Court will grant Plaintiff leave to amend as
22 Defendant Alvarez.
23     In further response to the Objections to the Findings and Recommendations
24 filed by the Defendants (ECF No. 33), the Court adds the following to the Magistrate
25 Judge's analysis:
26    In any case in which qualified immunity is asserted, the Court is required to
27 consider two questions:  first, "taken in the light most favorable to the party asserting
28 the injury, do the facts alleged show that the officer's conduct violated a constitutional

1  right," and second, whether the right is clearly established.  *Saucier v. Katz*, 533 U.S.
2  194, 201 (2001), overruled in part by *Pearson v. Callahan*, 555 U.S. 223, 235–236
3  (2009).  A right is clearly established if "it would be clear to a reasonable officer that
4  his conduct was unlawful in the situation he confronted."  *Saucier*, 533 U.S. at 202.
5  "Under qualified immunity, an officer is protected from suit when he makes a
6  reasonable mistake of law or fact."  *Lacey*, 692 F.3d at 915 (citing *Pearson*, 555 U.S. at
7  231).
8      Taking the violation of the constitutional right first, the First Amended
9  Complaint alleges sufficient facts to state a claim for relief under the Religious Land
10 Use and Institutionalized Persons Act (RLUIPA) and the First Amendment for failing to
11 provide Plaintiff with kosher meals.  As a general matter, prison officials are required
12 to provide inmates with meals that "satisfy[] the dietary laws of their religion." *McElya*
13 *v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987).  However, the right to receive religious
14 meals that flows from the First Amendment is limited by the fact of Plaintiff's
15 incarceration.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  In the prison
16 context, constitutional liberties, including specifically the right to receive religious
17 meals, are subject to reasonable prison regulations that serve legitimate penological
18 interests.  *Resnick v. Adams*, 348 F.3d 763, 768 (9th Cir. 2003) (citing *Turner v. Safley*,
19 482 U.S. 78, 89 (1987)).  In order to prove a constitutional violation, an incarcerated
20 plaintiff must show a "substantial burden on the free exercise of his religion."  *Freeman*
21 *v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997), *overruled on other grounds by Shakur v.*
22 *Schriro*, 514 F.3d 878, 884 (9th Cir. 2008).
23     In arguing that there has not been a violation of the First Amendment or
24 RLUIPA, Defendants argue that the denial of religious meals for 17 days was not a
25 "substantial" burden on Plaintiff's religious liberties.  The Court disagrees.  Most of the
26 cases cited by Defendants in their Objections concern delays of up to or less than one
27 week, much shorter than the 17-day period at issue in this case.  (Obj. to the Portion of
28 the Findings and Recommendations Denying Portions of Def.'s Mot. to Dismiss (ECF

3

No. 33) p. 13–14.) For the cases involving a longer period of time (although still shorter than the 17-day period at issue in this case), the courts concluded the delays were justified by legitimate penological interests associated with ensuring inmates complied with the various requirements to obtain religious diets at the outset of their stay in a particular institution or to resume participation after a suspension. *See, e.g., Resnick*, 348 F.3d at 771 (concluding that the requirement that an inmate submit an application before being provided with a kosher diet is reasonably related to legitimate penological interests and thus does not abridge an inmate's First Amendment rights). Here, however, Plaintiff was in fact approved for kosher meals and there is no countervailing penological interest justifying the 17-day failure to provide him with those meals. Plaintiff has thus alleged a violation of the First Amendment and RLUIPA.

Having found that the First Amended Complaint alleges a violation of a protected right, the Court turns to the second qualified immunity inquiry, whether the right was clearly established. As noted above, as far back as 1987 the Ninth Circuit recognized that "inmates have a [First Amendment] right to be provided [with] food ... that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d at 198; see also *Washington v. Brown*, Case No. 2:06-1994-WBS-DAD, 2010 WL 2737141 at * 17 (E.D. Cal. July 12, 2010), adopted at 2010 WL 3341645 (E.D. Cal. Aug. 25, 2010). However, qualified immunity still shields an official from liability even if his actions resulted from a mistake of fact. Such a mistake must nevertheless be reasonable. *Santos v. Gates*, 287 F.3d 846, 855 n. 12 (9th Cir.2002) (finding it premature to decide the qualified immunity issue "because whether the officers may be said to have made a 'reasonable mistake' of fact or law may depend on the jury's resolution of disputed facts and the inferences it draws therefrom"). Here, Defendants Herr and Lore argue they should be granted qualified immunity because their actions were based on the incorrect, but reasonable, belief that Plaintiff was not on the kitchen list. The Court, however, cannot say at this time that Defendants' mistake was reasonable as a matter

4

of law.  Whether Defendants Herr and Lore's mistake in believing that Plaintiff was not on the "kitchen list" was reasonable may well depend on other facts, such as whether or not it should have been obvious that a page of the kitchen list was missing, how often inmates were removed from the list, and other facts that may be adduced during discovery.

Finally, the Attorney General argues that none of the Defendants were in fact responsible for the alleged constitutional violations.  Turning first to Defendants Herr and Lore, the First Amended Complaint contains sufficient allegations that they were responsible for the alleged violation of the Plaintiff's constitutional rights.  Plaintiff alleges that it was Defendants Herr and Lore who failed to provide Plaintiff with his kosher meal despite having shown them his Religious Diet Card.  (First Am. Compl. ¶ 26 (ECF No. 11).)  Plaintiff further alleges that he requested that Defendants Herr and Lore recheck the Inmate Meal Tracking System, or "kitchen list."  (Id. ¶ 23.)  Defendants' refusal to provide Plaintiff food, or to recheck the kitchen list, is sufficient to establish causation.

With respect to Defendants, Petty, Pangelian, Marchal, and Cagnina, the Court concludes that dismissal from the suit is premature.  Liberally construing the complaint as the Court is required to do, *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), the Plaintiff has alleged that the actions of the remaining Defendants in allegedly mischaracterizing his complaint and falsely representing he was supposed to be on a renal diet were all part of an effort to conceal the violation of Plaintiff's constitutional rights.  Specifically, Plaintiff alleges that by mischaracterizing the staff misconduct complaint as a living condition complaint, Defendants "circumvent[ed] Plaintiff's right to a special and separate 'Staff Misconduct Investigation' by the hiring authority." (First Am. Compl. ¶ 42.)  This allegation is sufficient to allow "the court to draw the reasonable inference that the defendant is liability for the misconduct alleged," *Ashcroft v. Iqbal*, 446 U.S. at 679.  It is also enough to establish a causal link with the alleged constitutional violation and to defeat a claim of qualified immunity.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 6, 2022 (ECF No. 28) are adopted in part;
2. Defendant's Motion to Dismiss (ECF No. 20) is granted in part and denied in part;
3. Plaintiff's damages claims against Defendants acting in their official capacities are dismissed with prejudice;
4. Plaintiff's damages claims under RLUIPA against Defendants acting in their individual capacities are dismissed with prejudice;
5. This action proceed against all Defendants except Defendant Alvarez on the following claims:
    a. Plaintiff's damages claims under the First Amendment against defendants in their individual capacities,
    b. Plaintiff's injunctive relief claims under the First Amendment and RLUIPA against Defendants acting in their official and individual capacities, and
    c. Plaintiff's negligence claims.
6. Plaintiff's claims against Defendant Alvarez are dismissed with leave to amend.  Within thirty days of this order, Plaintiff is directed to file a Notice of How to Proceed informing the court of whether he wishes to proceed on his remaining claims and defendants or if he wishes to be granted leave to file a Second Amended Complaint."
7. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:   **April 19, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE