IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>     Plaintiff,<br><br>     v.<br><br>HERR, et al.,<br><br>     Defendants. | No. 2:20-CV-1209-DJC-DMC-P<br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to revoke Plaintiff's in forma pauperis status, ECF No. 43. Also before the Court are: (1) Plaintiff's motion to stay, ECF No. 40; (2) Plaintiff's motion for leave to amend, ECF No. 46; (3) Plaintiff's request for judicial notice, ECF No. 50; and (4) Plaintiff's request for screening, ECF No. 51. For the reasons discussed below, the undersigned finds that Defendants' motion should be granted and that, as a result, Plaintiff's motions are rendered moot.

/ / /

/ / /

/ / /

/ / /

/ / /

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the

plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

The Court agrees with Defendants that Plaintiff has had three or more prior action dismissed for failure to state a claim. In fact, courts in at least two of Plaintiff's prior cases have either denied or revoked in forma pauperis status due to three or more "strikes." See Ransom v. Johnson, 1:05-cv-0086-OWW-GSA-P; Ransom v. Martinez, 1:07-cv-1511-AWI-P. The strikes discussed in these cases apply as strikes in the current case.

The only issue remaining is whether Plaintiff can escape the PLRA's "three strikes" provision because he has alleged in this case an imminent danger of serious physical injury that existed at the time the action was filed. The Court also agrees with Defendants that Plaintiff's allegations in this case of a 17-day denial of Kosher meals which ended months before the case was filed does not satisfy the imminent danger exception.

/ / /
/ / /
/ / /
/ / /
/ / /

3

Based on the foregoing, the undersigned hereby orders and recommends as follows:

1. It is RECOMMENDED that Defendants' unopposed motion to revoke Plaintiff's in forma pauperis status, ECF No. 43, be GRANTED and that this action be DISMISSED without prejudice to refiling upon prepayment of fees therefor.

2. It is ORDERED that Plaintiff's pending motions, ECF Nos. 40, 46, 50, and 51, are DENIED as moot and without prejudice to renewal should these findings and recommendations not be adopted by the District Judge.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 6, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE